**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RON HILL, | No. 09-35342 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00966-CRD |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Carolyn R. Dimmick, District Judge, Presiding

Submitted February 3, 2010[**]
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Ron Hill appeals from the district court's judgment affirming the

Commissioner's final decision concluding that Hill is not entitled to Supplemental

Social Security Income (SSI) benefits under Title XVI of the Social Security Act,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1383f. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's review of the Commissioner's decision. *Gillett-Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir. 2004). We affirm the decision of the Commissioner if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record. *Gallant v. Heckler*, 753 F.2d 1450, 1452-53 (9th Cir. 1984). If evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). We affirm.

I

Hill contends the administrative law judge's ("ALJ") residual functional capacity ("RFC") finding that limited Hill to "medium work" was in error because the ALJ improperly evaluated medical opinions of two physicians, Drs. Raymond West and Alnoor Virji, who opined that Hill could perform "light work with postural limitations." Hill also contends that the ALJ improperly relied upon the vocational expert's ("VE") testimony at step five of the evaluative process.

Substantial evidence supports the ALJ's physical RFC assessment that Hill is capable of performing medium capacity work. *See Webb v. Barnhart*, 433 F.3d

2

683, 686 (9th Cir. 2005) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Hill's contention that the ALJ erred in not crediting Dr. West's 2003 physical RFC assessment is unsupported by the record. In 2003, Dr. West reported that Hill was "remarkably well built and muscular," with good motor strength and good range of motion and that Hill had indicated he could "lift 100 pounds, but cannot carry it for long." Notwithstanding these findings, Dr. West concluded that Hill was limited to working at a light exertional work level. The ALJ rejected Dr. West's opinion, in part, because the ALJ concluded that Hill's subjective reports about his medical condition, as provided to Dr. West, were not credible. Hill has not appealed the ALJ's credibility findings.

Later in 2003, Dr. Virji reviewed Hill's medical records and, relying on Dr. West's observations, issued an opinion which largely echoed Dr. West's opinion that Hill be limited to light work. Dr. Virgi also noted in his RFC assessment that "[Hill] is not credible."

The ALJ credited a more recent medical assessment, completed on February 10, 2006 by Dr. Jeffrey Merrill, over the evaluations of Drs. West and Virji. Dr. Merrill's assessment took into account an additional three years of medical records and concluded that Hill's records indicate he has "normal strength, without

3

paresthesias or radiating symptoms," continues to work out and exercise, takes walks, goes shopping, fixes meals and is able to care for his personal needs. Similarly, a case analysis filed on May 18, 2006 by Dr. Stephen Goldberg noted that Hill "works out regularly and has the body of an athlete." Dr. Goldberg agreed with Dr. Merrill's assessment as to Hill's RFC. Accordingly, the ALJ's finding that Hill is capable of medium capacity work is more than supported by inferences reasonably drawn from the record. *Heckler*, 753 F.2d at 1452-53.

## II

Hill's argument that the ALJ erred in relying on testimony by the VE which conflicted with information provided in the United States Department of Labor's *Dictionary of Occupational Titles* (4th ed. 1991) ("DOT") is also unpersuasive. "[T]he VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162-1163 (9th Cir. 2001) (citing 20 C.F.R. § 404.1566(b); *Burkhart v. Bowen*, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988)). Here, the ALJ relied on the VE's testimony that a person with Hill's RFC is capable of performing work that is available in significant numbers in the national economy such as a kitchen helper, laundry worker, or warehouse laborer.

4

The ALJ and VE used the terms "simple, routine tasks" and "simple, repetitive tasks" interchangeably in discussing the types of jobs Hill may be capable of performing. The ALJ's error, if any, was harmless as no confusion was created, the alleged conflict was not material, and there was no meaningful departure from the DOT as presented by the VE. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**AFFIRMED.**

FILED

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Hill v. Astrue*, Case No. 09-35342**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.